**In re CANAL BANK & TRUST CO.**

**Appeal of GUARANTY BANK & TRUST CO. et al.**

**No. 16435.**

Court of Appeal of Louisiana. Orleans.

March 22, 1937.

For original opinion, see 170 So. 427.

Deutsch & Kerrigan & Burke, of New Orleans, for appellants.

Dufour, St. Paul, Levy & Miceli, of New Orleans (Rene J. Waguespack, of New Orleans, of counsel), for appellee.

McCALEB, Judge.

A rehearing was granted in this cause on November 30, 1936, because at that time there existed some doubt in our minds as to the correctness of the view, expressed in the original opinion (see 170 So. 427), that legal compensation had taken place between the drawee country banks and the Canal Bank & Trust Company. Since the granting of this rehearing, we have had occasion to decide the precise question here involved in the case of Investors Syndicate v. Deposit Guaranty Bank & Trust Co. et al., 172 So. 39, wherein we held, under a similar statement of facts, that compensation between the Canal Bank and the drawee bank had taken place and cited with approval our original opinion in the case at bar. For this reason, the claim by the interveners for a privilege under Act No. 63 of 1926 must be dismissed.

Counsel for interveners, however, contend that, in our original opinion, we misstated a certain fact appearing in the record. It is said that, in our statement of facts, we found that after the Canal Bank went into liquidation and had declared a 30 per cent. dividend, it honored the checks of the country banks drawn upon it,

whereas the truth is that the Canal Bank honored these checks of the country banks shortly before it went into liquidation and in anticipation of the liquidation proceedings. Counsel for interveners are correct in their criticism as the record shows that the Canal Bank honored the checks of the country banks, drawn on it, shortly before it went into liquidation. But the error complained of cannot affect the conclusion reached in our original decree, for it is immaterial when the Canal Bank honored the checks of the country banks, inasmuch as legal compensation, between the country banks and the Canal Bank, was complete on March 1, 1933.

Counsel for interveners further say that, in any case, the intervener First National Bank of Shreveport is entitled to be recognized as an ordinary creditor of the Canal Bank in the sum of $802.85. It is true that the First National Bank of Shreveport, in its intervention, has only specifically alleged that it is a privileged creditor of the Canal Bank in liquidation. We feel, however, that, under intervener's prayer for general relief, it is entitled to have the decree amended to the extent of recognizing it as an ordinary creditor.

It will be recalled that our original opinion holds that the Shreveport Bank, having been a depositor of the Canal Bank, and having forwarded the items to the Canal Bank for collection and credit, and having received immediate credit therefor, transferred ownership of these items to the Canal Bank. Later, the Canal Bank, acting through error of law, charged back these items against the account of the Shreveport Bank. The liquidators of the Canal Bank have admitted, by supplemental answer, that this charge-back was made through error of law because the Canal Bank had been paid the face value of the items, as legal compensation had taken place between it and the country banks. It follows that, at the time the Canal Bank closed, it was indebted to the Shreveport Bank for the amount of the items deposited and the Shreveport Bank is entitled to be recognized as an ordinary creditor to the extent of $802.85.

It is therefore ordered, adjudged, and decreed that our original decree in this case, affirming the judgment of the district court, which dismissed the interventions of the Guaranty Bank & Trust Company and the First National Bank of Shreveport, La., be and it is amended by recognizing the First National Bank of Shreveport, La., as an ordinary creditor of the Canal Bank & Trust Company in liquidation in the sum of $802.85, and as thus amended our original opinion and decree herein are reinstated as the final judgment of this Court.

Original decree amended and reinstated.